FILED'07 JUL 03 13:52 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| QUINCY GREEN, | ) | CV 07-3032-PA |
| | ) | |
| Plaintiff, | ) | **ORDER DISMISSING ACTION** |
| | ) | |
| v. | ) | |
| | ) | |
| SAN GEORGE ESTATES, LLC, a foreign limited liability company, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

**PANNER, Judge.**

    Plaintiff Quincy Green brought this action against defendant San George Estates, LLC. Defendant moved to dismiss for lack of subject matter jurisdiction. Plaintiff responded by filing what he characterizes as an "Unopposed Motion to Remand Case to State Court." The matter is now before me.

    It is elementary that a Complaint filed in a federal court should clearly identify the basis for the exercise of federal court jurisdiction. Plaintiff neglected to do this, leaving the court and opposing counsel to speculate about possible jurisdictional grounds.

    28 U.S.C. § 1331 confers jurisdiction, in the district court, of "all civil actions arising under the Constitution, laws, or treaties of the United States." The Complaint lists five claims. Four appear to be state law claims. The fifth purports to be for violation of 15 U.S.C. § 1674(a).

1 - ORDER DISMISSING ACTION

That might appear to create a federal question sufficient to confer jurisdiction over at least one claim. However, Defendant contends--and Plaintiff concedes--that section 1674(a) does not confer a private right of action upon Plaintiff.[1] Because Plaintiff concedes at the outset that the lone "federal" claim is not even colorable, it cannot furnish a basis for exercising federal jurisdiction. See Herero People's Reparations Corp. v. Deutsche Bank, A.G., 370 F.3d 1192, 1194-95 (D.C. Cir. 2004) ("A claim is too 'insubstantial and frivolous' to support federal question jurisdiction when it is 'obviously without merit' or when 'its unsoundness so clearly results from the previous decisions of [the Supreme Court] as to leave no room for inference that the questions sought to be raised can be the subject of controversy'").

Plaintiff does not assert, nor plead any facts that would support, the exercise of diversity jurisdiction pursuant to 28 U.S.C. § 1332. I conclude that this court lacks subject matter jurisdiction over this action.

Plaintiff, clearly anticipating that result, moves to "remand" the matter to state court. That is not possible. This action was not removed from state to federal court, so it cannot now be remanded to state court. Rather, this court must dismiss the action, without prejudice, leaving plaintiff to refile in state court if he chooses to do so.

Indeed, Plaintiff might be in for a rude surprise if I granted his ill-conceived motion. From the face of the Complaint, it appears that the limitations period on many of his

---

[1] For purposes of this motion, I presume that the parties correctly interpret § 1674.

2 - ORDER DISMISSING ACTION

claims is about to expire. Under some circumstances, ORS 12.220 (as amended in 2003) permits a plaintiff to refile, in state court, an action that previously was dismissed for lack of subject matter jurisdiction, providing he does so within the time limits specified in the statute. This grace period applies only when "the action is *involuntarily* dismissed without prejudice . . . ." ORS 12.220(1) (emphasis added). See also Vandermeer v. Pacific Northwest Development Corp., 284 Or. 517 (1978); Alderson v. State of Oregon, 105 Or. App. 574, 581 (1991).

Plaintiff's motion to remand is denied. Defendant's motion to dismiss for lack of subject matter jurisdiction is granted. The court construes the dismissal as involuntary, on the part of the Plaintiff, and without prejudice.

### Conclusion

Plaintiff's Motion (# 6) to "Remand" to State Court is denied. Defendant's Motion (# 4) to dismiss for lack of subject matter jurisdiction is granted. This action is dismissed without prejudice.

IT IS SO ORDERED.

DATED this 28 day of June, 2007.

OWEN M. PANNER
UNITED STATES DISTRICT JUDGE